**UNICARE LIFE & HEALTH INSURANCE COMPANY Plaintiff–Appellant**

v.

**Nichole SAITER; Lorn Wells; Progressive Insurance Company Defendant–Appellees.**

**No. 00–3856.**

United States Court of Appeals, Sixth Circuit.

June 10, 2002.

Before KENNEDY, GUY, and BOGGS, Circuit Judges.

PER CURIAM.

Plaintiff Unicare Life & Health Insurance Company brought suit against defendants Nichole Saiter, Lorn Wells, and Progressive Insurance Company, seeking to enforce its subrogation and reimbursement rights under an ERISA plan. Defendant Saiter was injured in an automobile accident on July 26, 1997, while a passenger in an automobile driven by Lorn Wells. Saiter suffered serious injuries and incurred substantial medical expenses. Saiter was provided health care coverage as part of an ERISA employee benefit plan through her employment with HiSan, Inc., as sponsored by ITT Industries. The plan was administered by appellant Unicare, which made payment for Saiter's medical expenses in an amount exceeding $164,000. The plan contained both a subrogation provision and a reimbursement provision.[1]

Following Unicare's payment of Saiter's medical expenses, Saiter entered into a settlement agreement with Wells and Progressive, Wells's insurance carrier. Pursuant to the settlement, Saiter signed a general release in favor of Wells and Progressive, and Progressive issued Saiter a check for $100,000, equal to the policy limit of Wells's liability coverage carried by Progressive. The settlement agreement also included a clause requiring Saiter to indemnify Wells and Progressive for any additional liability they might face as a result of the accident, including any claims of subrogation. Neither Progressive nor Wells has made any payment to Unicare. Nor has Unicare received any reimbursement payment from Saiter. Unicare brought this action against Saiter to enforce its reimbursement rights under the plan, and against Progressive and Wells to enforce its subrogation rights. Defendant Saiter failed to appear, and the district court entered a default judgment as to the reimbursement claim against her. The district court later granted supplemental

---

1. The subrogation provision reads:
   If a Covered Person:
   (1) suffers a Disability because of the act or omission of a Third Party; and
   (2) incurs expenses covered under this Plan as the result of such act or omission; and
   (3) does not initiate legal action for the recovery of such expenses from the Third Party in a reasonable period of time;
   then the Plan Administrator will be subrogated to any rights the Covered Person may have against the Third Party and may, at their option, bring legal action to recover any payments made by the Plan Administrator in connection with the Disability.
   (App. at 48). The reimbursement provision reads:
   If a Covered Person:
   (1) suffers a Disability because of the act or omission of a Third Party; and
   (2) incurs expenses covered under this Plan as the result of such act or omission; and
   (3) subsequently recovers damages from the Third Party;
   then the Plan Administrator shall be entitled to reimbursement of any such benefits paid by the Claims Administrator.
   Reimbursement shall be the lesser of (1) or (2) below, where:
   (1) is the amount of benefits paid by the Plan; and
   (2) is the amount of damages recovered, less any reasonable legal fees and costs associated with the recovery.
   (App. at 49).

motions for summary judgment filed by Wells and Progressive because, it concluded, the federal common law "make whole" doctrine precluded Unicare from exercising its subrogation rights until Saiter is made whole. Saiter received only $100,000 from the settlement and she had received approximately $164,000 from Unicare under the plan. The sum of these two amounts is far less than the total value of Saiter's claims, which undisputedly approaches $500,000.

Following oral argument in this case, the Supreme Court handed down its opinion in *Great–West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002). Having afforded the parties the opportunity to address *Knudson*'s effect on this case, we now hold that federal subject matter jurisdiction is lacking, and accordingly remand the case with instructions to dismiss.

In *Knudson,* the Court considered whether § 502(a)(3) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(3), authorized an action by an ERISA plan fiduciary against a plan beneficiary to enforce a reimbursement provision in the plan through a money damages lawsuit. The Court held that it did not, noting that § 502(a)(3) only authorizes a plan "(A) to enjoin any act or practice which violates ... the terms of the plan, or (B) to obtain other appropriate *equitable* relief (i) to redress such violations or (ii) to enforce any provisions of ... the terms of the plan." 29 U.S.C. § 1132(a)(3) (emphasis added). Because the suit was seeking money damages for the payment of a contract obligation, it was a legal remedy unavailable to the plan under ERISA, the Court stated.

After *Knudson,* the basis for federal subject matter jurisdiction in this case is removed. Counts I and II of Unicare's complaint sought only monetary payments from Saiter and Wells due under the reimbursement and subrogation provisions of the plan, respectively. Count III alleged that defendant Progressive was liable under Ohio law for making payment to Saiter while on notice of valid reimbursement and subrogation claims. As in *Knudson,* Counts I and II are not authorized claims under ERISA because they seek to enforce plan provisions through legal remedies. Count III, standing alone, does not provide a basis for federal question jurisdiction. Because the parties are not diverse, there is no federal subject matter jurisdiction. We therefore remand the case to the district court with instructions to dismiss for lack of subject matter jurisdiction.